IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY N. CAFFEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No.  2:22-cv-542-MHT-CWB |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
|     Defendants. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Now before the court is a filing that Plaintiff has styled "Narrative Summary of Undisputed Facts, In Opposition to Motion for Summary Judgment, Filed on Behalf of Ohm Laboratories, Inc., Before Discovery, and/or in the Alternative, Motion for Judgment on the Pleadings." (Doc. 75). Plaintiff's filing appears to be in response to a motion for summary judgment previously filed by Ohm Laboratories, Inc.  (Docs. 66, 67).  However, the referenced motion for summary judgment was among various dispositive motions that were denied without prejudice as part of the court's June 29, 2023 Order (Doc. 72) and is no longer pending for resolution.

Although Plaintiff's filing alternatively states that "Plaintiff is entitled to Judgment on the Pleadings" (Doc. 76 at p. 4), Plaintiff makes no actual argument for judgment on the pleadings and does not cite Rule 12(c) of the Federal Rules of Civil Procedure.  Under Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed."  Fed. R. Civ. P. 12(c). The "pleadings" include both the complaint and the answer.  *See* Fed. R. Civ. P. 7(a).  Here, Plaintiff's filing occurred before any of the named defendants had filed answers to the operative Amended Complaint. (*See* Docs. 77, 79, 80, 83).  Because the pleadings were not closed, Plaintiff's request for judgment on the pleadings should be denied without prejudice as procedurally

1

premature—subject to being refiled if Plaintiff so desires now that the pleadings are closed. Plaintiff is cautioned though, that "[i]n considering a motion for judgment on the pleadings, the court shall "accept as true all material facts alleged in the non-moving party's pleading" and view them "in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) ("Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.") (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)).

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the "Narrative Summary of Undisputed Facts, In Opposition to Motion for Summary Judgment, Filed on Behalf of Ohm Laboratories, Inc., Before Discovery, and/or in the Alternative, Motion for Judgment on the Pleadings" (Doc. 75) be **DENIED** without prejudice.

It is hereby **ORDERED** that any objections to this Recommendation must be filed on later than September 26, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Judge of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Judge, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see* also *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 12th day of September 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**