IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY N. CAFFEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.  2:22-cv-542-MHT-CWB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Now before the court is the United States' Motion to Strike the Amended Complaint or, in the Alternative, Motion to Dismiss.  (Doc. 80).  The undersigned begins by observing that the United States previously was substituted as a defendant in the place of Health Services, Inc. ("HSI") and Shabnam Guard, M.D. ("Dr. Guard") pursuant to the Federally Supported Health Centers Assistance Act, *see* 42 U.S.C. § 233(a) & (c).  (Doc. 41).  The undersigned further observes that all claims against the United States as the substituted defendant subsequently were dismissed without prejudice due to Plaintiff's failure to exhaust administrative remedies as required by the Federal Tort Claims Act, *see* 28 U.S.C. § 2675(a).  (Docs. 50, 58, 59).

Plaintiff thereafter filed an Amended Complaint (Doc. 73) that continued to include the United States as a named defendant.  The Amended Complaint contained no indication, however, that Plaintiff had yet exhausted his administrative remedies against the United States, and Plaintiff has acknowledged that the administrative claims process remains ongoing (*see* Doc. 81). The court thus continues to lack subject matter jurisdiction over any claims asserted against the United States.  *See* 28 U.S.C. § 2675(a); *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237 (11th Cir. 2002).

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the United States' Motion to Strike the Amended Complaint or, in the Alternative, Motion to Dismiss (Doc. 80) be **GRANTED** such that all claims asserted against the United States are again dismissed without prejudice pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure but **DENIED** to the extent relief is sought under Rule 12(f) of the Federal Rules of Civil Procedure.

It is hereby **ORDERED** that any objections to this Recommendation must be filed on later than September 26, 2023.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Judge of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Judge, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see also Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 12th day of September 2023.

  
_____  
**CHAD W. BRYAN**  
**UNITED STATES MAGISTRATE JUDGE**