IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RODNEY N. CAFFEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-00542-BL-CWB |
| | ) | |
| PUBLIX SUPERMARKETS, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Pending before the court is a Motion for Leave to Amend Complaint for Additional Defendant filed by the Plaintiff.  (Doc. 187).  On April 21, 2026, the Magistrate Judge recommended that the court deny the Plaintiff's motion—but without prejudice to the Plaintiff's ability to file a freestanding action against the United States for the exhausted claims he is seeking to assert.  (Doc. 190).  The Plaintiff filed objections to the recommendation.  (Doc. 191).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's

disposition that has been properly objected to."). A district court's obligation to "make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*).

The Eleventh Circuit has recognized that "[p]arties filing objections to a magistrate [judge's] report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). The court notes that, while the Plaintiff's objections are difficult to read and follow at times, the court has liberally construed his objections and has attempted to identify and address the arguments he appears to be making. However, even under this liberal construction, the Plaintiff must still identify specific portions of factual findings/legal conclusions to which objections are made and must describe in detail the basis for each objection.

In the Plaintiff's objections, the Plaintiff merely restates facts that the Magistrate Judge considered in his recommendation and fails to challenge a specific factual finding or legal conclusion of the Magistrate Judge. Moreover, the court finds that the objections asserted by the Plaintiff constitute the kind of frivolous,

2

conclusive, or general objections that the Eleventh Circuit has found need not be considered by the district court.  *See Marsden*, 847 F.2d at 1548.  Thus, because the Plaintiff's objections fail to identify an error in the Magistrate Judge's factual findings or legal conclusions, the court **OVERRULES** the Plaintiff's objections (doc. 191).

After careful review of the file and upon consideration of the recommendation of the Magistrate Judge, the court **ADOPTS** the recommendation of the Magistrate Judge.  Accordingly, it is hereby **ORDERED** as follows:

1. The Plaintiff's Motion for Leave to Amend Complaint for Additional Defendants (doc. 187) is **DENIED** without prejudice to the Plaintiff's ability to file a freestanding action against the United States for the exhausted claims he is seeking to assert.

**DONE** and **ORDERED** on this the 22nd day of July, 2026.

_____

**BILL LEWIS**
UNITED STATES DISTRICT JUDGE

3