IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RODNEY N. CAFFEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-00542-BL-CWB |
| | ) | |
| PUBLIX SUPERMARKETS, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the court are two Motions for Summary Judgment filed by Defendant Publix Supermarkets, Inc. (doc. 149) and Defendant CVS Pharmacy, Inc. and CVS Health Corporation (doc. 152).  On February 5, 2026, the Magistrate Judge recommended that the court grant the pending Motions for Summary Judgment. (Doc. 183).  The Plaintiff filed objections to the recommendation.  (Doc. 186).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").  A district court's obligation to

"make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*).

At the outset, the court notes that the Eleventh Circuit has recognized that "[p]arties filing objections to a magistrate [judge's] report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."  *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).  While the Plaintiff's objections are difficult to read and follow at times, the court has liberally construed his objections and has attempted to identify and address the arguments he appears to be making.  However, even under this liberal construction, the Plaintiff must still identify specific portions of factual findings/legal conclusions to which objections are made and must describe in detail the basis for each objection.

In his objections, the Plaintiff argues that the "material facts have not been construed most favorably to the Plaintiff." (Doc. 186 at 3).  However, the Plaintiff has failed to identify any specific facts that the Magistrate Judge improperly rejected or failed to construe most favorably to the Plaintiff.  In fact, the court notes that the Magistrate Judge indicated that he took the facts as stated from the Plaintiff's sworn

2

deposition testimony and construed the same in the light most favorable to the Plaintiff. (Doc. 183 at 5 n.1). Thus, because the Plaintiff failed to identify an error in the Magistrate Judge's factual findings or legal conclusions, the court **OVERRULES** this objection.

In his objections, the Plaintiff argues that he "is in the process of certifying and authenticating the voluminous medical records which confirm: Rhabdomyolysis, Ischemic Strokes, Kidney Disease, Myositis and other ailments which he did not suffer from prior to ingesting the Defendants['] misbranded drugs." (Doc. 186 at 3). However, the court notes that, as the Magistrate Judge found, even if the Plaintiff were to provide such medical records, such records could not prove that the Defendants caused those conditions without specialized knowledge of an expert medical witness. (*See* Doc. 183 at 10-15). The Magistrate Judge correctly concluded that the Plaintiff's case involves complex medical issues and, as such, would require an expert medical witness. Thus, because the Plaintiff failed to identify an error in the Magistrate Judge's factual findings or legal conclusions, the court **OVERRULES** this objection.

In the remainder of the Plaintiff's objections, the Plaintiff merely restates facts that the Magistrate Judge considered in his recommendation and fails to challenge a specific factual finding or legal conclusion of the Magistrate Judge. Moreover, the court finds that the remaining objections asserted by the Plaintiff constitute the kind

3

of frivolous, conclusive, or general objections that the Eleventh Circuit has found need not be considered by the district court. *See Marsden*, 847 F.2d at 1548. Thus, because the remainder of the Plaintiff's objections fail to identify an error in the Magistrate Judge's factual findings or legal conclusions, the court **OVERRULES** the Plaintiff's objections.

Accordingly, the court hereby **OVERRULES** the Plaintiff's objections (doc. 186) to the Magistrate Judge's Report and Recommendation.

After careful review of the file and upon consideration of the recommendation of the Magistrate Judge, the court **ADOPTS** the recommendation of the Magistrate Judge. Accordingly, it is hereby **ORDERED** as follows:

1. The Motion for Summary Judgment filed by Defendant Publix Super Markets, Inc. (doc. 149) is **GRANTED**; and

2. The Motion for Summary Judgment filed by Defendant CVS Pharmacy, Inc. and Defendant CVS Health Corporation (doc. 152) is **GRANTED**.

A separate final judgment will be entered.

**DONE** and **ORDERED** on this the 22nd day of July, 2026.

**BILL LEWIS**
UNITED STATES DISTRICT JUDGE